BENTON & HOLDEN, INC., A CORPORATION, AND ANNA MISKIW, APPELLANTS, v. CENTRAL RAILROAD COMPANY OF NEW JERSEY, A CORPORATION, AND BOARD OF PUBLIC UTILITY COMMISSIONERS, A BODY POLITIC OF THE STATE OF NEW JERSEY, RESPONDENTS.

Submitted February 14, 1941—Decided April 25, 1941.

For the appellants, *Joseph R. Kane* and *Samuel Koestler.*

For the respondent Central Railroad Co., *William F. Hanlon* and *DeVoe Tomlinson.*

For the respondent Board of Public Utility Commissioners, *John A. Bernhard.*

The opinion of the court was delivered by

BODINE, J.   The plaintiffs below sought to recover compensation for injuries to their Elizabeth avenue properties in the City of Elizabeth, because of the depression of that street and the elevation of the Central Railroad tracks in order to eliminate dangerous grade crossings, pursuant to the order of the Public Utility Commission of this state required by statute. *N. J. S. A.* 48:12-62.

The complaint struck, in reliance upon *R. & A. Realty Corp.* v. *Pennsylvania Railroad Co.,* 16 *N. J. Mis. R.* 537, and *S. B. Penick & Co.* v. *New York Central Railroad Co.,* 111 *Fed. Rep.* (*2d*) 1006, sought recovery for damages caused by the lowering of the grade of Elizabeth avenue and the elevation of the Central Railroad Company track.   There was no trespass upon the defendant's land save upon that part of the adjacent highway, the fee to which, under the law of this state, is vested in the landowner subject to the public easement.   The public is entitled to travel with safety and a change in use made necessary to effect such purpose is no encroachment upon the fee.   See cases collected in *Laurel Garden Corp.* v. *New Jersey Bell Telephone Co.,* 109 *N. J. L.* 171.

Cases illustrative of liability where the change in the highway is made by the carrier for its benefit are not applicable to the situation here presented.   There was a finding by the Utility Commission that the existing crossing was dangerous and impeded travel.   In making the improvement there was no trespass within the building lines of the property.   The Public Utility Commission was clearly not subject to a common law action.   *Strobel Steel Construction Co.* v. *State Highway Commission,* 120 *N. J. L.* 298; 125 *Id.* 622.

The suit resolves itself into an action to recover consequential damages to property adjoining a highway, because

of a change in the grade of the highway pursuant to legislative authority, in order to secure greater public safety and convenience. Such an action does not lie. If there be injury to the adjoining property, it is *damnum absque injuria*. *Sommer* v. *State Highway Commission*, 106 *N. J. L.* 26; *Burns Holding Corp.* v. *State Highway Commission*, 8 *N. J. Mis. R.* 452; *affirmed*, 108 *N. J. L.* 401; *Cooper* v. *State Highway Commission*, 6 *N. J. Mis. R.* 723; *Hulett* v. *Sea Girt*, 108 *N. J. Eq.* 309; *Beseman* v. *Pennsylvania Railroad Co.*, 50 *N. J. L.* 235; *affirmed*, 52 *Id.* 221; *Klement* v. *Delaware Bridge Commission*, 119 *Id.* 600, as *Colburn* v. *Delaware River Joint Toll, &c.*, 123 *Id.* 197, also 310 *U. S.* 419; *New Jersey Bell Telephone Co.* v. *Delaware River Joint Toll Commission*, 125 *N. J. L.* 235.

That the Fielder Grade Crossing Elimination Act (*N. J. S. A.* 48:12-62) confers no right of action for the recovery of consequential damages is ably demonstrated by Judge Leyden sitting as a commissioner in *R. & A. Realty Co.* v. *Pennsylvania Railroad Co.*, *supra*, and followed by Judge Biggs in the Circuit Court of Appeals for the Third Circuit in the Penick case, *supra*.

The cases of *Benton & Holden, Inc.*, v. *Central Railroad Co.*, 122 *N. J. Eq.* 309; *affirmed*, 123 *Id.* 163, and *Central Railroad Co.* v. *Simandl et al.*, 124 *Id.* 207; *affirmed*, 125 *Id.* 91, do not suggest a different interpretation of the Fielder Act. Of course, had there been a trespass to or a taking of the complainants' property other than the damage consequent upon a change of grade there could have been recovery therefor. But such is not the gravamen of the complaint.

The judgment will be affirmed, with costs.

*For affirmance*—The Chancellor, Chief Justice, Parker, Case, Bodine, Donges, Heher, Perskie, Porter, Colie, Dear, Wells, WolfsKeil, Rafferty, Hague, Thompson, JJ. 16.

*For reversal*—None.